IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:

FRANCISCO SUAREZ on his own behalf
and on behalf of all others similarly situated,

    Plaintiff,

v.

LANDSCAPES BY LANCE, LLC,
LANCE ERSKINE and
TERESA ERSKINE,

    Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-named Defendants.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed by Defendants as hourly landscaping employees.

2. Defendants refused to pay Plaintiff and their other hourly landscaping employees one and one-half times their regular rate of pay for each hour worked beyond forty each workweek and for each hour worked beyond twelve each workday.

3. Defendants thus violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, because that Act requires employers to pay their employees one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage of Workers Act ("CMWWA"), C.R.S. § 8-6-101 *et seq.* as implemented by the Colorado Minimum Wage Order ("MWO"), 7 C.C.R. 1103-1, because that Act requires employers to pay employees one and one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek and beyond twelve each workday.

5. Defendants also failed to provide their employees with two ten-minute rest periods each full day of work.

6. Defendants thus violated the MWO which requires employers to provide their employees with two ten-minute rest periods in each full day of work.

7. Defendants also failed to pay Plaintiff for all hours worked.

8. Defendants thus violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101 *et seq.* which requires employers to pay their employees all earned, vested and determinable wages upon the termination of the employment relationship.

9. Plaintiff seeks compensation for Defendants' violations of the FLSA and the MWO on his own behalf and on behalf of all other similarly-situated hourly employees.

10. Plaintiff seeks compensation for Defendants' violations of the CWCA on his own behalf only.

## PARTIES, JURISDICTION, AND VENUE

11. Plaintiff Francisco Suarez was employed by Defendants from approximately October through December, 2017 and again from approximately May through July, 2018. Plaintiff Suarez's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

12. Defendant Landscapes by Lance, LLC is a registered domestic limited liability

company which has a principal street address of 255 Juniper Village Road, Placerville, Colorado, 81435.

13. Defendant Lance Erskine is an owner and manager of Landscapes by Lance.

14. Defendant Teresa Erskine is an owner and manager of Landscapes by Lance.

15. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

16. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims brought under the MWO and the CWCA pursuant to 28 U.S.C. § 1367.

17. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

18. Plaintiff and those similarly situated worked as hourly landscape employees for Defendants.

19. Defendants refused to pay Plaintiff and those similarly situated overtime wages for hours worked beyond forty each workweek and beyond twelve each workday.

20. After one or more of Defendants' employees complained about Defendants' non-payment of overtime wages to a local workforce center, Defendants attempted to hide their overtime violations by paying their employees up to forty hours each workweek with a paycheck, and their overtime hours in cash, off the paycheck and at their regular hourly rates.

21. Defendants thus willfully violated their employees' right to be paid overtime wages for overtime hours worked.

22. By way of example, during his tenure of employment with Defendants, Plaintiff Suarez worked, on average, fifty-seven hours per week. Defendants paid him via paycheck for forty of those hours, and in cash, at his regular rate, for the remaining (average) seventeen weekly overtime hours.

23. Defendants also failed to provide Plaintiff and all those similarly situated with two ten-minute rest periods each day.

24. Defendants subjected all their hourly employees to these policies and practices of avoidance of overtime wage payments and avoidance of legally-required rest periods.

25. Defendants also failed to pay Plaintiff any wages at all for his work on July 9, 2018, July 10, 2018 and July 11, 2018, wherein Plaintiff worked 10-hour shifts each day.

26. At all times relevant to this action, Defendants employed persons, including Plaintiff, within the State of Colorado.

27. At all times relevant to this action, Plaintiff and Defendants' other employees performed landscaping labor for the benefit of Defendants wherein Defendants commanded when, where, and how much labor Plaintiff and others were to perform.

28. Defendant Landscapes by Lance, LLC sold and offered for sale a service (landscaping services) to the consuming public, and generated 50% or more of its annual dollar volume of business from such sales.

29. Plaintiff and Defendants' other employees handled landscaping materials and equipment, such as blowers, rakes, shovels, bricks, flowers, mulch, and wheelbarrows, which moved in interstate commerce each year relevant to this action.

30. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

31. Defendant Lance Erskine, at all material times, exercised operational control and/or financial control over the Landscapes by Lance enterprise and exercised control over the terms and conditions of employment of the Landscapes by Lance employees. For example, Defendant Lance Erskine directed his employees as to their job duties, decided how much his employees would be paid, made all important financial decisions regarding the enterprise, and participated in the decision to avoid paying overtime wages and the decision to deprive his employees of rest periods.

32. Defendant Teresa Erskine, at all material times, exercised operational control and/or financial control over the Landscapes by Lance enterprise and exercised control over the terms and conditions of employment of the Landscapes by Lance employees. For example, Defendant Teresa Erskine directed her employees as to their job duties, decided how much her employees would be paid, made all important financial decisions regarding the enterprise, and participated in the decision to avoid paying overtime wages and the decision to deprive her employees of rest periods.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FIRST CLAIM**

33. Plaintiff asserts his First Claim, brought under the MWO, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

34. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All Landscapes by Lance hourly employees who worked on or after August 14, 2016.

35. This action is properly brought as a class action for the following reasons.

36. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked and failed to provide their employees with two ten-minute rest periods each workday.

37. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-75 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

38. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages for overtime hours worked and whether Defendants failed to provide their employees with two ten-minute rest periods each workday.

39. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay overtime and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

41. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

42. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

43. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

44. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

45. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

46. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

47. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

48. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

49. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings his Second Claim, brought under the FLSA, as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All Landscapes by Lance hourly employees who worked on or after August 14, 2015.

51. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

52. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common

policy of avoiding overtime wage payments by paying overtime hours off the paycheck, in cash, and the employees' regular rate of pay.

**FIRST CLAIM –Failure to Pay Overtime Premiums and Failure to Provide Rest Periods**
<u>**Violation of the CMWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)**</u>

53. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

54. Plaintiff asserts this count on his own behalf and on behalf of all other similarly situated employees. Fed.R.Civ.P. 23.

55. Defendant Landscapes by Lance, LLC was Plaintiff's and others' "employer" as that term is defined by the MWO because it employed Plaintiff and others in Colorado. 7 C.C.R. 1103-1(2).

56. Plaintiff and others were this Defendant's "employees" as that term is defined by the MWO because they performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

57. This Defendant employed Plaintiff and others in a Retail and Service enterprise which sold and offered for sale a service (landscaping services) to the consuming public, and which generated 50% or more of its annual dollar volume of business from such sales.7 C.C.R. 1103-1(2)(A).

58. This Defendant violated the MWO when it failed to pay Plaintiff and others overtime premiums for hours worked over forty in each given workweek and for hours

worked beyond twelve in each given workday (7 CCR 1103-1(4)) and when it failed to provide two ten-minute rest periods each workday (7 CCR 1103-(8)).

59. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

60. Plaintiff and others are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

## SECOND CLAIM – Failure to Pay Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

61. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

62. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

63. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

64. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

65. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

66. Defendants violated the FLSA when they refused to pay Plaintiff and others for overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

67. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

68. Plaintiff and others have suffered lost wages and lost use of those wages in an

amount to be determined at trial.

69. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**THIRD CLAIM**
**Violation of the CWCA (Colo. Rev. Stat. §§ 8-4-101, *et seq.*)**

70. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

71. Defendant Landscapes by Lance, LLC was Plaintiff's "employer" as that term is defined by the CWCA because it employed Plaintiff in Colorado. C.R.S. § 8-4-101(6).

72. Plaintiff was Defendant Landscapes by Lance, LLC's "employee" as that term is defined by the CWCA because he performed labor for the benefit of this Defendant in which this Defendant commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(5).

73. This Defendant violated the CWCA, when it failed to pay Plaintiff all earned, vested and determinable wages upon his separation from employment. Colo. Rev. Stat. § 8-4-109.

74. As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

75. Plaintiff is entitled to recover in a civil action all earned and vested wages owed to them, statutory penalties and attorney fees and costs of suit. Colo. Rev. Stat. § 8-4-109; Colo. Rev. Stat. § 8-4-110.

**WHEREFORE**: As to his FIRST CLAIM brought pursuant to the MWO, Plaintiff respectfully requests an Order from the Court that:

   a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

   b. Plaintiff be certified as the class representative of the Rule 23 Class;

   c. Undersigned counsel be appointed Rule 23 class counsel;

   d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

   e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

   f. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

   g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

And as to his SECOND CLAIM brought pursuant to the FLSA, Plaintiff respectfully requests an Order from the Court that:

   a. Appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members promptly;

   b. Plaintiff and those who opt-in to the action be awarded unpaid overtime premiums;

   c. Plaintiff and those who opt-in to the action be awarded liquidated damages as required by law;

   d. Plaintiff and those who opt-in to the action be awarded pre-judgment and post-judgment interest as permitted by law;

   e. Plaintiff and those who opt-in to the action be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

   f. Plaintiff and those who opt-in to the action be awarded such other and further relief as may be necessary and appropriate.

And as to his THIRD CLAIM, brought pursuant to the CWCA, Plaintiff respectfully requests an Order from the Court that:

a. Plaintiff be awarded all his earned, vested and determinable wages per Colo. Rev. Stat. § 8-4-109;

b. Plaintiff be awarded statutory penalties per Colo. Rev. Stat. § 8-4-109;

c. Plaintiff be awarded attorney fees and costs of suit per Colo. Rev. Stat. § 8-4-110;

d. Plaintiff be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
Telephone: 303.440.8780
Fax: 303.957.5754
E-mail: brandt@milsteinlawoffice.com

*Attorney for Plaintiff*